

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-14-2007

# Mekhtiche v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3131

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Mekhtiche v. Atty Gen USA" (2007). *2007 Decisions.* Paper 63.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/63

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3131
_____

MADJID MEKHTICHE,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY OF DEPARTMENT OF HOMELAND SECURITY,

Respondents.

_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No.  A74-996-012)
Immigration Judge: Honorable Donald Vincent Ferlise
_____
Submitted Under Third Circuit LAR 34.1(a)
December 10, 2007

Before: McKEE, CHAGARES and HARDIMAN, *Circuit Judges*.

(Filed: December 14, 2007)

_____

OPINION OF THE COURT

_____

HARDIMAN, *Circuit Judge*.

## I.

Madjid Mekhtiche petitions for review of the Board of Immigration Appeal's denial of his application for withholding of removal. A citizen of Algeria, Mekhtiche taught physics, geography, and economics at an intermediate school in Sidi El Majhoub. He came to the United States on a thirty-day visa in September 1996 and has remained here to this day. Mekhtiche claims that because of his teaching, his pro-Western views became well known in his community and exposed him to threats and harassment by Algerian Islamic fundamentalists.

Mekhtiche identifies two incidents in support of his petition. First, he claims that in February 1995, members of Jamaat Islamiah Mossalha, an Islamic fundamentalist group, killed the five occupants of the car in front of him. Fearing the gunmen would target him as an eyewitness, Mekhtiche remained home for four days, then resumed teaching two days a week for the remainder of the term. Second, Mekhtiche claims that fundamentalists kidnapped and interrogated three students from his school. He feared the students told their captors about his anti-fundamentalist teachings. Because of these incidents, and unattributed threats against teachers at his school, Mekhtiche left Sidi El Majhoub and took a secretary job in his hometown of Medea. He held this job undisturbed for over a year until he came to the United States in September 1996.

The Immigration and Naturalization Service instituted removal proceedings against Mekhtiche after he overstayed his visa. After years of proceedings, on February

2

3, 2005, the Immigration Judge (IJ) denied Mekhtiche's petition for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The IJ found the asylum petition time-barred and Mekhtiche's testimony not credible. The IJ also found that even if credible, Mekhtiche failed to show a clear probability that his life or freedom would be threatened upon his return to Algeria. The BIA affirmed the IJ's decision without opinion. Mekhtiche seeks review of only that portion of the IJ's decision dealing with his application for withholding of removal.

## II.

Upon summary affirmance by the BIA, we review the IJ's decision. *Dia v. Ashcroft*, 353 F.3d 228, 245, 247 (3d Cir. 2003). We review findings of fact, including adverse credibility findings, under the substantial evidence standard. *Id*. at 247. So long as "a reasonable fact finder could make a particular finding on the administrative record," this standard is satisfied. *Id*. at 249. An IJ's adverse credibility determination should be based on "inconsistent statements, contradictory evidence, and inherently improbable testimony." *Id*. We will uphold an adverse credibility determination if it is "supported by evidence that a reasonable mind would find adequate." *Id*.

A review of the record demonstrates that Mekhtiche's affidavit and testimony contained sufficient inconsistencies, contradictions, and improbabilities to support the IJ's adverse credibility finding. For example, Mekhtiche failed to explain how he became aware of the alleged threats by Islamic fundamentalists against him and his fellow teachers. He variously testified that he heard about the threats from the fundamentalists

3

themselves, from the students they kidnapped, and from other teachers. Mekhtiche also contradicted himself on the timing of events critical to his application. He stated in his affidavit that fundamentalists attacked the car in front of his taxi in February 1994, but testified that the attack occurred in February 1995, then reverted to February 1994 later in the same testimony. In addition, Mekhtiche originally testified that fundamentalists kidnapped three students from his school in March 1995, and that he was sure of this date because it was around spring recess. Later, however, he testified that the students were kidnapped in September or October 1994.

The foregoing contradictions constitute substantial evidence from which a reasonable fact finder could conclude that Mekhtiche's testimony was not credible. Accordingly, we find no error in the IJ's adverse credibility determination.

**III**.

Even if we found Mekhtiche's testimony credible, we would deny his petition for withholding of removal because he failed to sustain his burden of establishing eligibility under 8 U.S.C. § 1231(b)(3). 8 C.F.R. § 1208.16(b).

An alien may not be returned to his native country if his "life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group or political opinion." 8 U.S.C. § 1231(b)(3)(A). The alien bears the burden of showing a "clear probability" that removal threatens his life or freedom. *INS v. Stevic*, 467 U.S. 407, 424 (1984); *Toussaint v. Att'y Gen.*, 455 F.3d 409, 413 (3d Cir. 2006). Where the threat comes from "fellow citizens" and not from "the government

4

or forces the government is either 'unable or unwilling' to control," an application for withholding of removal should be denied. *See Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir. 2005).

Here, Mekhtiche failed to show that his life or freedom would be jeopardized by his return to Algeria. Despite his allegations of threats to himself and his fellow teachers after the car shooting, Mekhtiche taught for the remainder of the school year without incident. And despite his fear of being targeted by fundamentalists as an eyewitness to that shooting, Mekhtiche lived safely in the same town for a year and a half after the attack. Now, over a decade later, it is improbable that the fundamentalists who attacked the car in 1995 would target, much less remember, Mekhtiche.

Moreover, Mekhtiche offered no evidence that the Algerian government would be unable or unwilling to protect him from the threats he perceived. He neither reported the car shooting to authorities nor sought their protection from the fundamentalists generally. Finally, Mekhtiche failed to establish that he was threatened "because of" his "race, religion, nationality, membership in a particular social group or political opinion." 8 U.S.C. § 1231(b)(3)(A). His primary fear arose when he witnessed criminal activity that was neither directed at him nor the result of his social or political opinions. Although he alleges that the fundamentalists knew of his pro-Western views, he offers no evidence of any specific harm that befell him as a result.

**IV.**

5

For all the foregoing reasons, we find that substantial evidence supported the IJ's finding that Mekhtiche's testimony was not credible, and in the alterative, that Mekhtiche failed to establish his entitlement to withholding of removal under 8 U.S.C. § 1231(b)(3). Accordingly, we will affirm the order of the BIA adopting the IJ's opinion.

6